1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

WANDA I. VILLAFANE-TORRES,            )
                                      )
              Plaintiff,              )        Case No. 2:15-cv-01585-GMN-GWF
                                      )
vs.                                   )        **ORDER**
                                      )
MEMBER OF MANAGER OF WALMART,         )        Application to Proceed *in Forma*
                                      )        *Pauperis* (#1) and Screening of
              Defendants.             )        Complaint (#1-1)
_____)

        This matter comes before the Court on Plaintiff's Application to Proceed *in Forma*
*Pauperis* (#1), filed on August 18, 2015.

## BACKGROUND

        Plaintiff's complaint alleges that she has suffered from discrimination and verbal
harassment from a manager or managers of Walmart—her employer.  Plaintiff asserts that the
managers continuously yell at her, and others similarly situated, due to her national origin.  Plaintiff
now seeks relief in this Court.

## DISCUSSION

### I.      Application to Proceed In Forma Pauperis

        Plaintiff filed this instant action and attached a financial affidavit to her application and
complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to
28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.  As a result,
Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II.     Screening the Complaint

        Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint.  *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law.  See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

1  elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v.*

2  *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations

3  contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,

4  129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory

5  allegations, do not suffice.  *Id*. at 1949.  Secondly, where the claims in the complaint have not

6  crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly*, 550

7  U.S. at 570.

8  **III.    Instant Complaint**

9          Plaintiff's complaint does not sufficiently allege the legal theory under which she is pursing

10  her claim.  However, it does appear that Plaintiff seeks to pursue a claim of discrimination and

11  harassment on the basis of her national origin under Title VII of the Civil Rights Act of 1964

12  ("Title VII").  To the extent Plaintiff seeks to file a claim under Title VII, her complaint must still

13  be dismissed with leave to amend because she cannot sue an individual manager.  This is because

14  Title VII limits civil liability to the employer.  *See* 42 U.S.C. 2000e–5(g); *See also Miller v.*

15  *Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable

16  for damages under Title VII").  Rather, Plaintiff must bring suit against her employer —Walmart—

17  who is liable for the actions of its employees under respondeat superior liability.  Therefore, the

18  Court will dismiss Plaintiff's complaint, but will allow leave to amend so that Plaintiff may address

19  these deficiencies.

20          If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed

21  that the court cannot refer to a prior pleading in order to make her amended complaint complete.

22  Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any

23  prior pleading.  This is because, as a general rule, an amended complaint supersedes the original

24  complaint.  *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011); *see Loux v. Rhay*, 375

25  F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended complaint, the original pleading no

26  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

27  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

28  Accordingly,

1    **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is
2    **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars
3    ($400.00).

4    **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to
5    conclusion without the necessity of prepayment of any additional fees or costs or the giving of
6    security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the
7    issuance of subpoenas at government expense.

8    **IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice
9    with leave to amend.  Plaintiff shall have until **Thursday, May 5, 2016** to file an amended
10   complaint correcting the noted deficiencies.

11   DATED this 4th day of April 2016.

13   _____
14   GEORGE FOLEY, JR.
     United States Magistrate Judge

4